UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

F I L E D

JAN 1 6 2003  ʳᵍ
JAN 16 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 02 CR 892 |
| | ) | |
| ENAAM M. ARNAOUT | ) | Hon. Suzanne B. Conlon |

**GOVERNMENT'S EVIDENTIARY PROFFER SUPPORTING
THE ADMISSIBILITY OF COCONSPIRATOR STATEMENTS**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States

Attorney for the Northern District of Illinois, respectfully submits this proffer, pursuant to Federal

Rule of Evidence 801(d)(2)(E) and *United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1987), of the

government's evidence supporting the admission of coconspirators' statements at trial.

110

## I.   GOVERNING LAW

The Federal Rules of Evidence provide that a "statement" is not hearsay if it "is offered against a party" and is "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). Below are summaries of the case law interpreting this rule, the background of the charged conspiracy, the evidence of the conspiracy and its participants, and the evidence showing that the proffered coconspirator statements were made during and in furtherance of the conspiracy.

### A.   General Principles

The admission of a coconspirator statement against a defendant is proper where the government establishes, by a preponderance of evidence, that: (1) a conspiracy existed; (2) the defendant and the person making the cited statement were members of that particular conspiracy; and (3) that the statement was made during the course and in furtherance of the conspiracy. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *United States v. Gajo*, 290 F.3d 922, 928 (7th Cir. 2002); *United States v. Centracchio*, 265 F.3d 518, 530 (7th Cir. 2001); *United States v. Godinez*, 110 F.3d 448, 454 (7th Cir. 1997); *Santiago*, 582 F.2d at 1130-31.

The Seventh Circuit has "identified several options available to the district court to determine the admissibility of *Santiago* evidence: (1) make a preliminary determination based on the government's proffer of evidence, (2) rule on each statement as elicited at trial based on the evidence presented at that point, (3) conditionally admit the evidence without a proffer subject to eventual supporting evidence to be presented sometime at trial (risking, of course, a possible mistrial), or (4) hold a 'full-blown' pre-trial hearing to consider all the evidence and make a decision." *United States v. Hunt*, 272 F.3d 488, 494 (7th Cir. 2001). However, the court "often discouraged the fourth

alternative, a full-blown pre-trial hearing, as inefficient and potentially duplicative." *Id.* (citing *United States v. McClellan*, 165 F.3d 535, 554 (7th Cir.1999)). In this circuit, the preferred way for the government to make its preliminary "coconspirator-statement" factual showings is by the filing of a pretrial written proffer of the government's evidence.[1] *See United States v. Rodriguez*, 975 F.2d 404, 406 (7th Cir. 1992); *United States v. Hooks*, 848 F.2d 785, 794-95 (7th Cir. 1988).

In determining whether a coconspirator statement is admissible pursuant to Rule 801(d)(2)(E), the court may examine the coconspirator statement itself to decide whether a conspiracy existed and whether the defendant participated in it. "Bootstrapping" in this fashion is expressly permitted – the statement of a coconspirator may be the predicate for its own admissibility. *Bourjaily*, 107 S.Ct. at 2781-82; *Godinez*, 110 F.3d at 454-55; *see also United States v. Zambrana*, 841 F.2d 1320, 1344-45 (7th Cir. 1988) (discussing how overall context of coconspirator statements is what makes the statements very reliable as evidence of a defendant's role in a conspiracy). The evidence used in showing a conspiracy and a given defendant's participation in that conspiracy may be either direct or circumstantial. *United States v. Redwine*, 715 F.2d 315, 319 (7th Cir. 1983).

Case law makes clear that a "conspiracy" under Rule 801(d)(2)(E) includes any joint venture, including lawful ones. *See United States v. Kelley*, 864 F.2d 569, 573 (7th Cir. 1989) ("[W]e initially note that Rule 801(d)(2)(E) applies not only to conspiracies but also to joint ventures, and that a charge of criminal conspiracy is not required to invoke the evidentiary rule"); *United States v. Coe*, 718 F.2d 830, 835 (7th Cir. 1984) ("Conspiracy as an evidentiary rule differs from conspiracy

---

[1]     This Court has substantial discretion in the manner in which it decides to evaluate the admissibility of coconspirator statements. Although the pre-trial proffer is the customary procedure, the Court may admit coconspirator statements subject to the government's eventual proof at trial by preponderance of the evidence of the elements required under Fed. R. Evid. 801(d)(2)(E). *See United States v. Doerr*, 886 F.2d 944, 967 (7th Cir. 1989).

6

as a crime. The crime of conspiracy comprehends much more than just a joint venture or concerted action, whereas the evidentiary rule of conspiracy is founded on concepts of agency law. . . . The government did not have to prove by a preponderance of the evidence all the elements of the criminal conspiracy before Coe's statement could be admitted against Korenak and Joseph. The proposition that the government did have to establish by a preponderance of independent evidence was that Coe, Korenak and Joseph were engaged in a joint venture – that there was 'a combination between them[.]'") (quoting *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 249 (1917)) (internal citations omitted); *United States v. Layton*, 855 F.2d 1388, 1400 (9th Cir. 1988), *overruled on other grounds*, *United States v. George*, 960 F.2d 97, 99 (9th Cir. 1992) ("[T]he district court correctly determined that Rule 801(d)(2)(E) applies to statements made during the course and in furtherance of any enterprise, whether legal or illegal, in which the declarant and the defendant jointly participated."). Indeed, the "conspiracy" for purposes of Rule 801(d)(2)(E) can be any joint venture and need not be one charged in an indictment – in fact, the rule can be invoked in civil cases. *Coe*, 718 F.2d at 835-36.

Importantly, the coconspirator need not be specifically identified in order for his or her statement to be admitted as a coconspirator's statement. In *United States v. Smith*, 223 F.3d 554, 570 (7th Cir. 2000), a prosecution of leaders of the Gangster Disciples ("GDs") street gang, the Seventh Circuit upheld the admission of a document identifying high-ranking GDs as a coconspirator's statement, even though the author was unknown. The court explained:

> The details contained in "The List" were such that it could only have been written by a member of the GDs or by someone sufficiently involved with the business to be intimately familiar with it – in other words, by a co-conspirator. The defendants are wrong to suggest that it is necessary to know the precise identity of a coconspirator before statements can be admitted under Rule 801(d)(2)(E).

7

*Id.* Likewise, in *United States v. De Guidino*, 722 F.2d 1351, 1356 (7th Cir. 1984), cited in *Smith*,

the court upheld the admission of a similar, anonymously-authored document:

> The contents of the pollo lists also establish the lists as co- conspirator statements admissible under rule 801(d)(2)(E) of the Federal Rules of Evidence. This rule provides that a statement is not hearsay (and thus is admissible) if it is a statement made by a co-conspirator of a party during the course and in furtherance of the conspiracy. In the present case, the contents of the lists clearly show that their author was familiar with the workings of the conspiracy. The fact that the lists contain dates and records of payment is evidence that they were written during the course of the conspiracy. The names, dollar figures, and telephone numbers are evidence that the lists were utilized to maintain information necessary to continue the smuggling activities of the conspiracy. Since this evidence was not countered by any evidence that the lists were made at any time other than during the conspiracy or that the lists were not made to further the conspiracy, we hold that the lists were admissible as co-conspirators' statements.

*See also United States v. Postal*, 589 F.2d 862, 886 n. 41 (5th Cir. 1979) (admitting a document

under Rule 801(d)(2)(E) and stating "Although it is not clear who authored the logbook . . . we think

it inescapable that one of the crew of La Rosa did so.").

Admissions by a defendant are admissible against him pursuant to Rule 801(d)(2)(A),

without reference to the coconspirator statement rule. *See United States v. Shoffner*, 826 F.2d 619,

626-27 & n.10 (7th Cir. 1987). Of course, a defendant's own admissions are obviously and

powerfully relevant to establish the factual predicates for the admission of coconspirator statements

against him. *See United States v. Potts*, 840 F.2d 368, 371-72 (7th Cir. 1987); *United States v.*

*Alexander*, 741 F.2d 962, 966 (7th Cir. 1984), *overruled on other grounds, United States v.*

*Ginsburg*, 773 F.2d 798, 802 (7th Cir. 1985).

Where Rule 801(d)(2)(E) is implicated, it is clear that once a conspiracy is established, "only

slight evidence is required to link a defendant to it." *Shoffner*, 826 F.2d at 617 (quoting and citing

prior authorities). It is also clear that "statements made during the course of and in furtherance of

a conspiracy, even in its embryonic stages, are admissible against those who arrive late to join a going concern." *Potts*, 840 F.2d at 372 (citing cases). "Conversations made by conspirators to prospective coconspirators for membership purposes are acts in furtherance of the conspiracy." *Shoffner*, 826 F.2d at 628 (citations omitted).

Further, certain principles of general conspiracy law are relevant to Rule 801(d)(2)(E) inquiries that are made as to the existence of a conspiracy and a defendant's membership in it. For instance, a defendant joins a conspiracy if he i) agrees with a conspirator to participate in the project or enterprise that is the object of a scheme involving others, and ii) knowingly acts in furtherance of that object; it is immaterial whether the defendant knows, has met with, or has agreed with every coconspirator. *United States v. Boucher*, 796 F.2d 972, 975 (7th Cir. 1986); *United States v. Balistrieri*, 779 F.2d 1191, 1225 (7th Cir. 1985). Similarly, the government need not prove that a defendant knew each and every detail of the conspiracy or played more than a minor role in the conspiracy. *United States v. Liefer*, 778 F.2d 1236, 1247 n.9 (7th Cir. 1985); *United States v. Towers*, 775 F.2d 184, 189 (7th Cir. 1985). A defendant may be found guilty even if he joined or terminated his relationship with core conspirators at different times. *United States v. Ramirez*, 796 F.2d 212, 215 (7th Cir. 1986); *United States v. Noble*, 754 F.2d 1324, 1329 (7th Cir. 1985). Even after a conspirator has concluded his active participation in the activities of the conspiracy, the statements of coconspirators will be admitted against him, unless he affirmatively establishes that he has withdrawn from the scheme. *United States v. Feldman*, 825 F.2d 124, 129 (7th Cir. 1987).

In addition, coconspirators' statements generally may be relayed to the jury in their entirety to place the coconspirators' statements in context and make them intelligible for the jury. *United*

*States v. Zizzo*, 120 F.3d 1338, 1348 (7th Cir. 1997); *United States v. Davis*, 890 F.2d 1373, 1380 (7th Cir. 1989).

**B.     The "In Furtherance" Requirement**

To establish that a statement was made "in furtherance" of the conspiracy, the government need only show "some reasonable basis" upon which to conclude that the statement furthered the conspiracy. *United States v. Zizzo*, 120 F.3d 1338, 1352 (7th Cir. 1997); *United States v. Stephens*, 46 F.3d 587, 597 (7th Cir. 1995); *Shoffner*, 826 F.2d at 628.   Furthermore, the government has a "relatively low burden of proof on this issue." *Shoffner*, 826 F.2d at 628 (collecting cases).  Under the reasonable basis standard, a statement may be susceptible to alternative interpretations and still be "in furtherance" of the conspiracy; the statement need not have been exclusively, or even primarily, made to further the conspiracy in order to be admissible under the coconspirator exception. *United States v. Singleton*, 125 F.3d 1097, 1107 (7th Cir. 1997); *United States v. Powers*, 75 F.3d 335, 340 (7th Cir. 1996); *United States v. Stephenson*, 53 F.3d 836, 845 (7th Cir. 1995). Thus, updates on a conspiracy's progress, *Potts*, 840 F.2d at 371, and conversations concerning planning or review of coconspirators' exploits, *United States v. Molt*, 772 F.2d 366, 368-69 (7th Cir. 1985), are statements "in furtherance."

As discussed below, the Seventh Circuit has found a wide range of statements to satisfy the "in furtherance" requirement.

**1.     Statements Made to Execute the Conspiracy**

Statements made by conspirators to conduct the business of the conspiracy and to accomplish its goals are "classic examples of statements made to conduct and further" a conspiracy. *United States v. Cox*, 923 F.2d 519, 527 (7th Cir. 1991).  Such statements "intended to promote the

conspiratorial objectives" are readily admitted pursuant to Rule 801(D)(2)(E). *See, e.g., United States v. Sinclair*, 109 F.3d 1527, 1534 (10th Cir. 1997); *United States v. Shores*, 33 F.3d 438, 444 (4th Cir. 1994). Statements which prompt the listener to act in a manner that facilitates the carrying out of the conspiracy are also made "in furtherance" of the conspiracy. *United States v. Monus*, 128 F.3d 376, 392 (6th Cir. 1997); *United States v. Simmons*, 923 F.2d 934, 945 (2d Cir. 1991). *See also United States v. Smith*, 833 F.2d 213, 219 (10th Cir. 1987) (sole purpose of conversation from coconspirator's perspective was to promote conspiracy's unlawful objectives; coconspirator's responses to individual's questions were designed to whet individual's interest in acquiring stolen property). Whether a particular statement tends to advance the objectives of the conspiracy or to induce the listener's assistance is determined by an examination of the context in which it is made. *Garlington v. O'Leary*, 879 F.2d 277, 284 (7th Cir. 1989).

### 2. **Statements Regarding the Conspiracy's Activities**

Similarly, statements "describing the purpose, method, or criminality of the conspiracy," are made in furtherance of the conspiracy because conspirators make such statements to guide each other toward achievement of the objectives of the conspiracy. *United States v. Ashman*, 979 F.2d 469, 489 (7th Cir. 1992). Likewise, statements that are part of the information flow between conspirators made in order to help each conspirator perform his role are "in furtherance" of the conspiracy *Gajo*, 290 F.3d at 929; *Godinez*, 110 F.3d at 454; *United States v. Herrero*, 893 F.2d 1512, 1527-28 (7th Cir. 1990); *Garlington*, 879 F.2d at 283-84; *United States v. Van Daal Wyk*, 840 F.2d 494, 499 (7th Cir. 1988). Statements to assure that a coconspirator can be trusted to perform his role also satisfy the "in furtherance" requirement. *United States v. Romo*, 914 F.2d 889, 897 (7th Cir. 1990); *United States v. Buishas*, 791 F.2d 1310, 1315 (7th Cir. 1986).

11

### 3. Statements to Recruit Conspirators

Statements made to recruit potential members of the conspiracy are made "in furtherance" of the conspiracy. *Godinez*, 110 F.3d at 454; *Shoffner*, 826 F.2d at 628. Indeed, "[c]onversations made by conspirators to prospective coconspirators for membership purposes are acts in furtherance of the conspiracy." *United States v. Dorn*, 561 F.2d 1252, 1256-57 (7th Cir. 1977).

### 4. Statements Regarding the Activities of Other Conspirators Designed to Inform or Reassure the Listener

Statements made by conspirators to other individuals who participate in, or interact with, the conspiracy, such as couriers, contribute to the conspiracy. *Van Daal Wyk*, 840 F.2d at 498-99. The Seventh Circuit has also found that "[s]tatements made to keep coconspirators informed about the progress of the conspiracy, to recruit others, or to control damage to the conspiracy are made in furtherance of the conspiracy." *Stephenson*, 53 F.3d at 845; *United States v. Curtis*, 37 F.3d 301, 307 (7th Cir. 1994).

As the Seventh Circuit held in *United States v. Pallais*, 921 F.2d 684, 688 (7th Cir. 1990):

> The exchange of information is the lifeblood of a conspiracy, as it is of any cooperative activity, legal or illegal. Even commenting on a failed operation is in furtherance of the conspiracy, because people learn from their mistakes. Even identification of a coconspirator by an informative nickname . . . is in furtherance of the conspiracy, because it helps to establish, communicate, and thus confirm the lines of command in the organization. Such statements are "part of the information flow between conspirators intended to help each perform his role," and no more is required to make them admissible.

The same logic dictates that discussions concerning a conspiracy's successes are admissible as statements in furtherance of the conspiracy. *See id.*; *Van Daal Wyk*, 840 F.2d at 499 ("statements were not made in superfluous causerie; they were part of the information flow between conspirators intended to help each perform his role").

Statements intended to reassure the listener regarding the progress or stability of the conspiracy also further the conspiracy. A coconspirator's statement describing a defendant's past drug deals furthered the conspiracy by reassuring the listener that the defendant would be a reliable source. *United States v. Sophie*, 900 F.2d 1064, 1073 (7th Cir. 1990). Likewise, statements made to reassure and calm the listener may further the conspiracy as well. *Garlington*, 879 F.2d at 284 (upholding admission of coconspirator's statement to defendant in a murder conspiracy "We're going to take care of him" reasoning that the statement encouraged the defendant to perform his task in the conspiracy).

### 5. Statements About the Progress and Accomplishments of the Conspiracy

Statements made by conspirators concerning past exploits by members of the conspiracy are in furtherance of the conspiracy when made to assist in managing and updating other members of the conspiracy. *Potts*, 840 F.2d at 371, *Molt*, 772 F.2d at 368-69. Similarly, statements regarding a conspirator's failure to fully accomplish the objective of the conspiracy are admissible "as updates on the status of the conspiracy" and how that status affected the future of the conspiracy. *United States v. Doyle*, 771 F.2d 250, 256 (7th Cir. 1985).

### 6. Statements to Conceal the Criminal Objectives of the Conspiracy

Finally, statements made to conceal the criminal objectives of the conspiracy are made "in furtherance" of the conspiracy where ongoing concealment is one of its purposes. *United States v. Kaden*, 819 F.2d 813, 820 (7th Cir. 1987); *Xheka*, 704 F.2d at 985-86. "Avoiding detection by law enforcement officials clearly furthers the aims of a conspiracy." *United States v. Troop*, 890 F.2d 1393, 1404 (7th Cir. 1989). Statements made to control damage to an ongoing conspiracy have also been found to have been made in furtherance of the conspiracy. *See Van Daal Wyk*, 840 F.2d at 499.

### C. Admission of Statements Without Regard to the Coconspirator Rule

As discussed above, statements that a defendant personally makes are admissible against him as admissions of a party-opponent pursuant to Rule 801(d)(2)(A) without reference to the coconspirator statement rule. *See Shoffner*, 826 F.2d at 626-27 & n.10. Statements that a conspirator does not make personally, but which he impliedly or expressly authorizes an agent to make in the context of an existing agency relationship are admissible pursuant to Rule 801(d)(2)(D). *United States v. Feldman*, 825 F.2d 124, 128 (7th Cir. 1987); *see also United States v. Gibson*, 690 F.2d 697, 701 (9th Cir. 1982).

### D. The Absence of Confrontation Clause Issues with Coconspirator Statements

No separate Sixth Amendment confrontation issues are posed by the use of a non-testifying coconspirator's statements which are offered for their truth against the defendant. This is because the requirements for admission under Rule 801(d)(2)(E) are identical to "the requirements of the Confrontation Clause." *Bourjaily*, 483 U.S. at 182. Thus, there are no "constitutional problems" once Rule 801(d)(2)(E)'s requirements have been met. *Id.*; *United States v. Ceballos*, 302 F.3d 679, 689, n.2 (7th Cir. 2002) (stating that the Confrontation Clause of the Sixth Amendment does not apply to statements admitted under Rule 801(d)(2)(E)) ; *United States v. Singleton*, 125 F.3d at 1107-08; *see also Idaho v. Wright*, 497 U.S. 805, 814 (1990) (Confrontation Clause is not violated where hearsay statement falls within a firmly rooted hearsay exception). As a result, in considering the admissibility of proffered coconspirator statements, the trial court does not consider whether or not the coconspirator-declarant is "unavailable" or whether there is independent evidence to establish the "reliability" of the proffered statements. *Inadi*, 475 U.S. at 400; *Bourjaily*, 483 U.S. at 183-84.

## CERTIFICATE OF SERVICE

The undersigned attorney, Deborah L. Steiner, certifies that she is employed in the Office of the United States Attorney for the Northern District of Illinois; that on the 16th day of January 2003, she served a copy of the foregoing GOVERNMENT'S EVIDENTIARY PROFFER SUPPORTING THE ADMISSIBILITY OF COCONSPIRATOR STATEMENTS with attachments via messenger to:

> Mr. Joseph Duffy, Esq.
> Stetler & Duffy Ltd.
> 140 South Dearborn Street
> Suite 400
> Chicago, Illinois 60603

DEBORAH L. STEINER
Assistant U.S. Attorney