FILED

AUG 14 2003
AUG 14 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED
AUG 1 5 2003

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02 CR 892 |
| | ) | |
| ENAAM M. ARNAOUT | ) | |
| | ) | |
| Defendant | ) | Judge Suzanne B. Conlon |

## STATUS REPORT CONCERNING DEFENDANT'S POST-PLEA STATEMENTS AND DOWNWARD DEPARTURE REQUEST

NOW COMES the Defendant, ENAAM M. ARNAOUT, by and through his attorney,

JOHN T. THEIS, and files the following report concerning the issues raised in relation to this

Court's order of July 15, 2003 appointing counsel for the limited purpose of advising the

Defendant on certain rights and interests:

**A. Post Plea Statement**

Subsequent to counsel's appointment in this matter, the Government and defendant,

through his attorney, met and submitted a joint submission on August 8, 2003, concerning the

use of defendant's post-plea statements at sentencing. In short, the parties agreed that the issue of

the Government's use of the post-plea statements was rendered moot by the Government's

agreement not to rely on such statements during the sentencing hearing.

**B. Refusal to Move for a Downward Departure**

As this Court has previously been informed, the Government met with Defendant on

twenty-seven occasions during a period of time following his plea of guilty, with a goal of

1

seeking, pursuant to the plea agreement signed in this case, a motion by the Government for a downward departure under Sentencing Guideline 5K 1.1, based on defendant's substantial assistance in a criminal investigation.

On June 5, 2003, the Government informed the defendant it would not be filing the motion, even thought the defendant believed that his full and truthful cooperation amounted to substantial assistance. Defendant recognizes that the plea agreement provided that such a motion could only be made by the Government. Defendant agrees not only that the terms of his plea agreement, but the circumstances in most cases, make it clear that it is uniquely in the discretion of the Government to determine whether substantial assistance occurred, and that only the Government can make such a motion. However, this Circuit does recognize limited circumstances under which the Court could grant a 5K 1.1 departure if the Government's refusal to make the motion is based on an unconstitutional motive. *United States v. Santoyo*, 146 F.3d 519 (7th Cir. 1998). See also *Wade v. United States*, 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992); *United States v. Carter*, 112 F.3d. 469 (7th Cir. 1997).

With these limitations in mind, but with the inescapable fact that defendant met with the government an extraordinary, if not unprecedented, number of times subsequent to his guilty plea, defense counsel has attempted to reconcile the apparent conflict between the Government's refusal to file a motion for downward departure and defendant's belief not only that he provided substantial assistance, but that the Government itself believed that his assistance was substantial. To that end, counsel requested certain information from the Government concerning the use made of the information gathered in the meetings with defendant. The Government, without conceding the defendant's right to such information, responded in writing that it was not aware

2

of any use made of the information provided by defendant which could be considered "substantial assistance in the investigation and/or prosecution of others, in this country or any other to our knowledge." Similarly, the United States Attorney asserted that he had no memoranda, correspondence, or other document indicating that defendant's interviews contained information that approached substantial assistance.

The Government's assertion in its correspondence is available for the Court's review. One issue remains unresolved: the defendant requested information from the Government concerning whether the defendant was among the individuals to whom the Attorney General referred in his comments before Congress on June 5, 2003 concerning investigations conducted under the U.S.A. Patriot Act. In those remarks, the Attorney General stated, "Since September 11, we have obtained criminal plea agreements, many under seal, from more than 15 individuals, who must - - and will continue to - - cooperate with the Government and its terrorists investigations." The Attorney General added that these individuals "have provided critical intelligence about al-Qaeda and other terrorists groups..." Testimony of Attorney General John Ashcroft, U.S. House of Representatives Committee on the Judiciary, June 5, 2003.

The defendant believes that if he was one of the individuals to whom the Attorney General referred, the Government might be estopped from asserting that he had not provided substantial assistance. The United States Attorney in the correspondence to the defense counsel, stated that he did not know the identity of the individuals to whom the Attorney General referred, and that no one in the United States Attorneys' office advised the Attorney General or any other Justice Department official that the defendant provided substantial assistance or critical intelligence. If, in fact, the defendant was one of the individuals to whom the Attorney General

3

referred, defendant's position might be different, and believes the Government recognizes its obligation to advise defendant of any information it obtains relating to this issue.

Appointed counsel will be available on August 18, 2003 at the time the defendant's sentencing is scheduled, if the Court has any further concerns or has any further questions concerning these issues.

Respectfully submitted,

John T. Theis

JOHN T. THEIS
29 S. LaSalle Street
Suite 220
Chicago, Illinois 60603
(312) 782-1121

4

**FILED**

AUG 1 4 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02 CR 892 |
| | ) | |
| ENAAM M. ARNAOUT | ) | |
| | ) | |
| Defendant | ) | Judge Suzanne B. Conlon |

**DOCKETED**

AUG 1 5 2003

## NOTICE OF FILING

To:  Patrick Fitzgerald                    Joseph Duffy
     United States Attorney               William P. Ziegelmueller
     John Kocoras                          Todd J. Haugh
     Assistant United States Attorney      Suite 400
     5th Floor                             140 South Dearborn Street
     219 S. Dearborn Street                Chicago, Illinois 60603
     Chicago, Illinois 60604

**PLEASE TAKE NOTICE THAT** on the 14th day of August 2003, we caused to be filed with the Clerk of the United States District Court, Northern District of Illinois:

1.    Status Report Concerning Defendant's Post Pre-Statements and Downward Departure Request.

Respectfully submitted,

John F. Theis

JOHN T. THEIS
29 South LaSalle Street
Barrister Hall, Suite 220
Chicago, Illinois 60603
(312) 782-1121

## CERTIFIED PROOF OF SERVICE BY HAND DELIVERY

The undersigned, John T. Theis, an attorney, served the foregoing Notice and attached documents by hand delivering a true and accurate copy of same to the above attorney, on August 14, 2003.

John T. Theis

F:\CLANCY\AATHEIS\2003\Aranout\notoffiling001.wpd